IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN ELDEN MILLER,

        Applicant,

v.	No. CV 12-433 JB/WPL

JOE GARCIA, Warden, and
GARY K. KING, New Mexico
Attorney General,

        Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On April 24, 2012,[1] Martin Elden Miller filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging six grounds for relief. (Doc. 1.) Respondents Joe Garcia and Gary K. King, New Mexico Attorney General, moved to dismiss Miller's petition for failure to exhaust state court remedies. (Doc. 8.) The Court referred this case to me to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 5.) Having reviewed the pleadings, record, and relevant law, I recommend that the Court grant the Respondents' motion in part, dismiss Miller's claims two through six with prejudice, and deny Miller's first claim as moot.

**FACTUAL & PROCEDURAL BACKGROUND**

On August 13, 2010, Miller pled guilty to eight counts of sexual exploitation of a child (Doc. 15 Ex. D) and was sentenced to twelve years of incarceration by the Second Judicial

---

[1] Because this petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to guide this Court's determinations. *See, e.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008).

District Court in the State of New Mexico (hereafter "state district court"). (Doc. 15 Ex. A.) His sentence was suspended and he was placed on five years of supervised probation.

Approximately three months after his sentencing, on November 12, 2010, Miller filed a motion for reconsideration of his sentence with the assistance of counsel requesting a conditional discharge. (Doc. 15 Ex. G.) The state moved to dismiss the motion as untimely. (Doc. 15 Ex. H.) Respondent's pleadings do not indicate whether the state district court ruled on this motion.

On December 21, 2010, the state moved to revoke Miller's probation because he had been arrested for burglary, failed to report the arrest to the probation authorities, failed to download his electronic monitor, and had purchased ammunition. (Doc. 15 Ex. J; Doc. 15 Ex. K.) Miller appeared in state district court with the assistance of counsel on January 12, 2011, for a hearing on the motion for revocation. (Doc. 1 Ex. 1 at 6-9; Doc. 15 Ex. L.) The state district court revoked Miller's probation and sentenced him to 547 days of incarceration, a parole term of one year, and five years of probation. (Doc. 1 Ex. 1 at 7; Doc. 15 Ex. L at 1-2.)

Miller moved to amend the order revoking probation on June 7, 2011,[2] without the assistance of counsel. (Doc. 1 Ex. 1 at 10-14; Doc. 15 Ex. M.) As grounds for his motion, he argued: (1) his 547 day sentence should be reduced by 154 days of "preconfinement credit" and 224 days of "probation served credit," for a total of 169 days of confinement; (2) the imposition of a five-year probation term is cruel and unusual punishment; and (3) the probation period violated an oral agreement with the prosecution. (Doc. 15 Ex. M at 2-3.) Miller's motion was summarily denied on June 29, 2011. (Doc. 1 Ex. 1 at 4-5; Doc. 15 Ex. N.)

---

[2] June 7, 2011, is the date that the motion was filed in state district court. Miller signed the motion on May 11, 2011. (Doc. 15 Ex. M at 1, 5.)

After his motion was denied, Miller wrote a letter to his attorney, Jason Rael, regarding the amendment of his sentence.[3] (Doc. 1 Ex. 1 at 18.) Rael responded on August 25, 2012, and explained to Miller that his 547 days should only be reduced by 154 days for pre-sentence time served, and he stated he would look into that issue. (*Id*. at 16.)

Miller later wrote Jacqueline Cooper regarding the alleged ineffective assistance of his counsel, Rael. (*Id*. at 17-19.) Miller again explained why he believed that his sentence was inaccurate and complained about Rael's performance. (*Id*. at 17.) The record does not contain a response from Cooper.

Miller filed this habeas corpus petition on April 24, 2012. (Doc. 1.) He was released from prison on June 1, 2012. (Doc. 18 at 1; Doc. 19 at 1.) Due to a lack of an approved parole plan and good time credit, he completed his parole term on June 1, 2012, and he is presently on probation. (Doc. 18 at 2.) I ordered Respondents to file an answer (Doc. 7), and they filed an answer and a motion to dismiss on July 26, 2012 (Doc. 15; Doc. 16). Miller did not file a response to the motion to dismiss.

### STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). To survive a motion to dismiss, the pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require "detailed factual allegations," but it does require more than bland accusations against the defendant. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

---

[3] The record does not contain a copy of this letter. However, Miller references this communication with Rael in a separate letter to Jacqueline Cooper. (Doc. 1 Ex. 1 at 17-19.) While the Cooper letter is dated March 5, 2011, this date must be an error because he references the letter from Rael, which was dated August 25, 2011. (*Id*. at 16, 18.)

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Miller is a pro se litigant, so I must give his habeas petition special consideration. I will construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*.

## DISCUSSION

Miller alleges six claims in his habeas petition: (1) improper calculation of his term of incarceration; (2) double jeopardy; (3) the imposition of a one-year parole term is illegal; (4) ineffective assistance of counsel at post-sentencing proceedings; (5) the five-year probation term is illegal; and (6) violation of his due process rights. (Doc. 1 Ex. 1 at 1-2.) While Miller filed this petition as a § 2254 petition, and Respondents have not challenged the characterization of the petition, it appears as if it raises issues under both § 2254 and § 2241.

A state prisoner may file a writ of habeas corpus in a federal court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2012). The petitioner is entitled to federal habeas relief only if the state court decision

"was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d)(1)-(2). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Douglas v. Workman*, 560 F.3d 1156, 1170 (10th Cir. 2009) (internal citations omitted).

When a prisoner wishes to challenge the execution of his sentence, rather than the legality of the conviction or the imposition of a sentence, 28 U.S.C. § 2241 provides the Court with jurisdiction. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.").

Miller has properly presented claims two through six as § 2254 claims since they attack the legality of the conviction and sentence. However, claim one attacks the execution of his sentence by challenging the calculation of his time in prison. This claim is best characterized as a § 2241 claim. Having established that his habeas petition is brought under both § 2254 and § 2241,[4] I turn now to his claims.

I.      **Exhaustion**

---

[4] I have found no authority stating that I may not convert a § 2254 petition into both a § 2254 and a § 2241 petition and consider both petitions simultaneously. However, the Eleventh Circuit has held that it is proper for a district court to convert a § 2241 petition into a § 2254 petition. *See Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004).

A federal habeas petitioner must give the state courts a fair opportunity to act on his claims prior to filing in federal court in order to satisfy the exhaustion requirement. *See* 28 U.S.C § 2254(c) (2012); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To provide the state court with a fair opportunity, the petitioner must "'fairly present' his claim in each appropriate court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). Known as the presentation requirement, this doctrine requires that the petitioner invoke one complete round of the state's appellate review process, including submitting the claims to the state's highest court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012). In the Tenth Circuit, a § 2241 petitioner, just like a § 2254 petitioner, is required to exhaust all available state remedies. *Magar v. Parker*, 490 F.3d 816, 818-19 (10th Cir. 2007); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

A federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state court remedies, when it is clear that the petitioner has not raised a federal claim. *See* 28 U.S.C. § 2254(b)(2) (2012); *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). The record indicates that Miller has filed only one untimely post-conviction appeal at the state level, no habeas petitions, and no appeals to New Mexico's Supreme Court. (Doc. 15; Doc. 16.) However, a review of his claims reveal that none warrant relief, so I recommend that the court dismiss his petition on the merits.

**II.    Merits of Miller's § 2254 Claims**

　　*A. Matters of State Law*

Habeas review pursuant to § 2254 "exists to correct violations of the United States Constitution, not errors of state law." *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U. S. C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)). State court determinations as to sentencing and the revocation or imposition of parole or probation are improper subject matter for § 2254 habeas review since these are matters of state law. *McCormick v. Kline*, 572 F.3d 841, 850 (10th Cir. 2009) (citations and quotations omitted); *see also Swarthout v. Cooke*, --- U.S. ---, ---, 131 S. Ct. 859, 861 (2011) (holding that state rule regulating parole determinations is a state law determination outside of a federal court's habeas review).

Respondents contend that Miller's petition may be dismissed on the merits because his six claims do not raise federal constitutional rights, only claims regarding the legality of his sentence, which lies within the province of state law. (Doc. 16 at 6.) I agree with Respondents to a limited degree. Claim three asserts that the imposition of a one-year parole term is illegal, and claim five asserts that the imposition of a new five-year probation term is illegal. Both of these claims concern New Mexico sentencing laws, so the claims fall squarely within the realm of state law. *McCormick*, 572 F.3d at 850. Therefore, I recommend that the Court dismiss these claims with prejudice.

### B. Double Jeopardy

The Double Jeopardy Clause protects individuals from being tried twice for the same offense. *See* U.S. CONST. amend. V; *Blueford v. Arkansas*, --- U.S. ---, ---, 132 S. Ct. 2044, 2048 (2012). Miller argues that the imposition of a new five-year probationary period constitutes double jeopardy, since he was already sentenced to and completed part of a five-year

probationary term. (Doc. 1 Ex. 1 at 1.) However, his first conviction was for eight counts of sexual exploitation of children (Doc. 15 Ex. A), and his second conviction was for violating the terms of his probation (Doc. 15 Ex. B). These are two different offenses; double jeopardy cannot apply. This is precisely why this circuit has long held that "sentencing on revocation of probation does not place the defendant in double jeopardy." *Thomas v. United States*, 327 F.2d 795, 797 (10th Cir. 1964) (citing *Gillespie v. Hunter*, 159 F.2d 410, 412 (10th Cir. 1947)); *see also Gipson v. Jordan*, 376 F.3d 1193, 1199 (10th Cir. 2004) (holding "the [Supreme] Court has explicitly articulated that an enhanced punishment imposed for a later offense based on earlier offenses 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes . . . .'"). Because Miller's sentencing does not implicate the Double Jeopardy Clause, I recommend that the Court dismiss his second claim with prejudice.

   *C.  Ineffective Assistance of Counsel*

"[T]the Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). A criminal defendant's "right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Baker v. Kaiser*, 929 F.2d 1495, 1498 (10th Cir. 1991*)*. A criminal defendant's right to effective assistance of counsel co-exists with the right to counsel; if no right to counsel exists, then a criminal defendant may not validly assert an ineffective assistance of counsel claim. *Baker*, 929 F.2d at 1499; *see also Hooks v. Workman*, 2012 U.S. App. LEXIS 16150, at *81 (10th Cir. Aug. 3, 2012) (unpublished).

In *Baker*, the Tenth Circuit clarified that a criminal defendant could not allege ineffective assistance of counsel after the right to appeal had terminated, but also considered whether a prisoner was entitled to effective assistance of counsel during that appeal period even if he had

not requested counsel. *See* 929 F.2d at 1495, 1498. The court held that a prisoner has a right to counsel during that appeal period, even if the prisoner does not express a desire to his appointed counsel to appeal the decision. *Id.* at 1498. Under *Baker*, an attorney has a duty to "provide the defendant with advice about whether there are meritorious grounds for appeal and about the probabilities of success. . . . Counsel must also inquire whether the defendant wants to appeal the conviction; if that is the client's wish, counsel must perfect an appeal." *Id.* (internal citations omitted). If counsel believes an appeal to be frivolous, he or she must still perfect a defendant's right to appeal so that he or she may proceed pro se. *Id.* at 1499 n.3. Since the state public defender in *Baker* failed to contact his client during the appeal period, the Tenth Circuit found that the attorney's performance was constitutionally deficient. *Id.* at 1499-1500.

Miller alleges that his attorney, Rael, was constitutionally ineffective because Rael failed to remedy the calculation of his confinement time after Miller wrote him a letter. (Doc. 1 Ex. 1 at 2.) However, by the time Miller contacted Rael regarding his sentence, Miller no longer had a constitutional right to counsel. The state district court revoked Miller's probation and imposed the new sentence on January 12, 2011. (Doc. 15 Ex. B.) Under New Mexico law, an individual may move to modify his sentence within ninety days if it has been "imposed in an illegal manner." N.M. DIST. CT. R. CR. P. 5-801. Miller did not contact Rael until late June or July 2011, which is well beyond the ninety days he had to appeal his sentence. (Doc. 1 Ex. 1 at 18.) Thus, Miller's right to counsel had long since terminated, and Rael's assistance could not have been constitutionally deficient.

Under *Baker*, I must consider whether Rael's performance was deficient during that the ninety-day appeal period following his sentencing. Miller does not allege facts in his petition to support such a claim. Returning to the pleading standards, I must liberally construe Miller's

petition, but I cannot create a cause of action for him where none exists. *Iqbal*, 556 U.S. at 678. Miller has not pled facts that would show that Rael failed to meet his duties under *Baker* because his claim is clearly based on Rael's response to his letter, not regarding his performance during the appeals period.[5] Miller does not claim that Rael failed to discuss his appeals options or even contact him during that period. Accordingly, I recommend that the Court dismiss his fourth claim with prejudice since he has not articulated a claim for ineffective assistance of counsel.

      D.  *Due Process Violation*

Miller claims a blanket violation of his due process rights under the Fourteenth Amendment.[6] However, he fails to provide any details to support this claim. *See Iqbal*, 556 U.S. at 678 (holding a pleading does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Since Miller's sixth claim offers no factual enhancement, I recommend that the Court dismiss the claim with prejudice.

**III.**    **Merits of Miller's § 2241 Claim**

Miller's sole § 2241 claim attacks the execution of his time in prison but does not attack the legality of the sentence itself. (Doc. 1 Ex. 1 at 1.) Typically, as long as the petitioner files his habeas corpus petition in federal court while he is still in custody, the action is not mooted by the

---

[5] Miller used a standardized form for his petition (Doc. 1), and he submitted a supplemental explanation of the substance of his claims on two separate pieces of paper (Doc. 1 Ex. 1 at 1-2). I note that Miller repeatedly writes on the standardized form in response to questions regarding exhaustion that he was not advised of his right to appeal. (Doc. 1 at 3, 4, 7, 8, 10, 11.) However, Miller did file a motion to amend his sentence (Doc. 15 Ex. M) and a motion for reconsideration for sentence on underlying criminal conviction with the assistance of Rael (Doc. 15 Ex. G). These appeals indicate that he was in fact aware of his appellate rights, if even to a limited degree. I will not interpret his generalized boilerplate recitation that he was not advised of his right to appeal in response to questions of exhaustion as a specific accusation that Rael failed to fulfill his professional duties during the ninety day appeal period. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Furthermore, it is clear from his petition that his supplemental attachment contains the substance of all six of his claims, and this supplemental note does not claim in any capacity that Rael did not meet his professional duties during the appeal period.

[6] Miller also alleges a violation of his Fifteenth Amendment rights, but I consider this an error, since he did not discuss voting in his petition. (Doc. 1 Ex. 1 at 2.)

petitioner's release. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). The Supreme Court reasoned that an individual may still wish to attack the validity of the conviction, even after having carried out the full sentence. *See Carafas*, 391 U.S. at 237. However, since a § 2241 petitioner attacks the execution of a sentence and not the conviction, the completion of a sentence and release from custody will moot the petition. *Walker v. United States*, 680 F. 3d 1205, 1206 (10th Cir. 2012); *Rhodes v. Judiscak*, 676 F.3d 931, 932-31 (10th Cir. 2012). Miller is no longer incarcerated (*see* Doc. 18; Doc. 19), which makes his claim regarding the computation of his time in prison moot.[7] Therefore, I recommend that the Court find Miller's first claim moot.

## CONCLUSION

Despite his failure to exhaust state remedies for his claims, Miller's alleged grounds for relief fail to state a claim and should be dismissed on the merits. I recommend that the Court grant in part Respondent's motion to dismiss (Doc. 16), deny claim one as moot, and dismiss claims two through six with prejudice. Furthermore, Miller has not made a substantial showing of the denial of a constitutional right. I therefore recommend that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c).

---

[7] Claim one is limited to the calculation of time spent incarcerated and does not raise the calculation of his time on probation or on parole. Even though Miller is in state custody to the extent that he is presently on probation (Doc. 18 at 2), he is no longer in state custody for the purpose of his § 2241 claim.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_William P. Lynch_
William P. Lynch
United States Magistrate Judge